**Howard C. GRAVES, Plaintiff,**

v.

**John GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**No. 67 Civ. 796.**

United States District Court
S. D. New York.
March 5, 1968.

Alexander & Green, New York City, for plaintiff; Paul M. Frank, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, for defendant; Michael D. Hess, Asst. U. S. Atty., Southern District of New York, of counsel.

METZNER, District Judge:

Plaintiff and defendant move for summary judgment pursuant to rule 56 of the Federal Rules of Civil Procedure in an action under 42 U.S.C.A. § 405(g) for review of a final decision of the defendant, the Secretary of Health, Education and Welfare. Only an issue of law is presented as to whether or not sick leave payments to a state employee are to be considered wages under § 209 of the Social Security Act, 42 U.S.C.A. § 409, i. e., deductible as excess earnings against benefits to which a claimant would otherwise be entitled.

Plaintiff had been an employee of the State of New York working at the Hudson River State Hospital. In October 1963 he filed an application for old-age benefits to commence after he attained the age of 62 in December. At that time he expected to retire from his state position. However, he had accumulated sick leave credits, and decided to undergo an operation for an old injury and use up these credits. He went on sick leave on December 19, 1963 and the days he was absent were charged against his accumulation of credits until February 18, 1964, when he officially retired. Plaintiff was awarded old-age benefits commencing January 1964 at a monthly rate of $89.50 on the representation of plaintiff that he would earn less than $1200 during the year. In administrative proceedings before the Social Security Administration, it was determined that the sick leave payments were wages, and since plaintiff had earned $1200 in other employment during the balance of 1964, such payments were to be recovered from plaintiff.

The state has provided that its employees be allowed one day a month sick leave which can be accumulated up to 150 days and used whenever necessary. An employee receives full pay while ill until the credits are exhausted. No deductions from the employee's salary are made for these payments. The money comes from the regular payroll account and is treated by the state as wages, including the reporting of the money as such for social security earnings purposes. Plaintiff does not dispute the propriety of such reporting.

If these sick leave benefits are to be excluded from wages, the exemption must be found in § 409. Two subdivisions of that section are pertinent here.

§ 409(b) excludes:

"The amount of any payment * * made to, or on behalf of, an employee or any of his dependents under a plan or system established by an employer which makes provision for his employees generally * * * on account of * * .* (2) sickness or accident disability * * *."

This subdivision speaks of plans established by the employer for payments to employees on account of sickness. There is nothing in the legislative history to indicate what Congress had in mind in using this language. Presumably, it was meant to cover the health and welfare plans commonly provided for in union contracts.

§ 409(i) excludes:

"Any payment (other than vacation or sick pay) made to an employee after the month in which he attains * * * age 65 (if a man), if he did not work for the employer in the period for which such payment is made. As used in this subsection, the term 'sick pay' includes remuneration for service in the employ of a State * * * paid to an employee thereof for a period during which he was absent from work because of sickness."

The second sentence of § 409(i) was added in 1958. Pub.L. No. 85–786, 72 Stat. 938. The Department of Health, Education and Welfare approved the amendment in a letter to the Senate

Committee on Finance, stating that since sick leave payments to state employees are considered wages until the employee reaches retirement age, they should be so treated after the employee reaches that age. The letter further pointed out that in the case of private employment sick pay is not treated as wages regardless of the age of the employee. 2 U.S. Code Cong. & Adm. News, p. 3986–3987 (1958). In view of this recognition of the difference in treatment between state and private employees, it is plain that § 409(i) governs this case.

Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted.

So ordered.